Frank S. McCullough, J.
Petitioner, a resident and taxpayer of the Town of Rye in the County of Westchester has brought this article 78 proceeding to compel the Commissioner of Welfare of the County of Westchester to exercise the discretion given him in subdivision 2 of section 143-b of the Social Welfare Law which reads as follows: “ 2. Every public welfare official shall have power to and may withhold the payment of any such rent in any case where he has knowledge that there exists or there is outstanding any violation of law in respect to the building containing the housing accommodations occupied by the person entitled to such assistance which is dangerous, hazardous or detrimental to life or health. A report of each such violation shall be made to the appropriate public welfare department by the appropriate department or agency having jurisdiction over violations.”
In enacting this legislation which became effective on July 1, 1962, the Legislature declared: ‘ ‘ The Legislature hereby finds and declares that certain evils and abuses exist which have caused many tenants, who are welfare recipients, to suffer untold hardships, deprivation of services and deterioration of housing facilities because certain landlords have been exploiting such tenants by failing to make necessary repairs and by neglecting to afford necessary services in violation of the laws of the state. Con *906 sequently, in the public interest, the necessity for the enactment of the provisions of this act is hereby declared as a matter of legislative determination. ’ ’
The petitioner states that respondent has been repeatedly asked to utilize subdivision 2 of section 143-b and because he has refused to do so petitioner brought this action on behalf of herself and all other taxpayers similarly situated to force him to do so. It is petitioner’s assertion that such failure of the Commissioner of Public "Welfare is capricious, arbitrary and unreasonable.
The purpose of the section might well be stated in the language of Chief Judge Cabdozo in upholding the constitutionality of the Multiple Dwelling Law (see Adler v. Deegan, 251 N. Y. 467, 484). The law ‘ ‘ is aimed at many evils, but most of all it is a measure to eradicate the slum. It seeks to bring about conditions whereby healthy children shall be born, and healthy men and women reared, in the dwellings of the great metropolis * * *. The end to be achieved is more than the avoidance of pestilence or contagion. The end to be achieved is the quality of men and women. * * * If the moral and physical fibre of its manhood and its womanhood is not a State concern, the question is, what is? ”
Housing conditions and problems are not new problems in our State. Senator MacNeil Mitchell (then Assemblyman), as chairman of the Joint Legislative Committee on Housing and Multiple Dwellings, in his preface to the Multiple Dwelling Law, dated June 1,1946, calls attention to the historical development of facts that many may have forgotten. In 1759 the great yellow fever epidemic in New York City resulted in the adoption of legislation regulating sanitary conditions and providing for the removal of offensive material. Despite the increased awareness, enforcement lagged and plague and fires ravaged the city in the early part of the 19th century. Yellow fever broke out again and Asiatic cholera caused the death or removal from the city of more than half of its population. In 1846, the famine in Ireland drove many to the shores of the United States. Most of the newcomers by force of circumstances had to accept a low standard of living in crowded and unsanitary tenements. New problems of stricter fire prevention, water supply, and the spread of infectious diseases and structural safety gave rise to further legislation to safeguard the inhabitants.
The question of constitutionality of section 143-b of the Social Welfare Law was adequately and ably covered in the opinion of Judge Wachtel in Milchman v. Rivera (39 Misc 2d 347) in which the constitutionality of the act was upheld.
*907 The respondent Commissioner of Public Welfare moves for dismissal of the petition on the ground that it is insufficient in law. It is the contention of the Commissioner that the petitioner has no authority to institute this proceeding, and in any event, the application of the law is solely within the discretion of the Commissioner of Public Welfare. Insofar as the standing of the petitioner is concerned the Commissioner points out that section 143-b of the Social Welfare Law would not result in any monetary savings to the County of Westchester or the residents thereof since said section provides for the payment of rent withheld on a showing by the landlord that violations have been removed.
The section vests in the Commissioner the power to exercise the provisions of law in his discretion. This court cannot hold on the papers before it that the failure of the Commissioner to avail himself of the provisions of the act is one that was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion so as to justify judicial intervention under article 78 of the Civil Practice Law and Rules. The proceeding is therefore dismissed.
The court in dismissing the petition is aware that the alleged conditions have long been the subject of comment by the press and more recently by other media. The remedy lies not in the intrusion of judicial power into the legislative and executive branches of local government, but intelligent and guided co-operation within the community itself through its citizens. It is a responsibility that cannot be dumped for solution into the laps of its officials alone. The fact that the enforcement of local ordinances and building codes may give rise to problems is no excuse for failure of enforcement. Laws should have a purpose or be repealed. The alleviation of hardships that may arise is a community problem that is to be faced up to and not allowed to worsen through inaction. The problem goes beyond the application to those who are welfare recipients. It applies to all who are living under substandard conditions.